UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 14-6790-MWF(MRWx)  **Date:** May 22, 2015
**Title:** Kramer, et al. -v- Romano

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                         Court Reporter:
Cheryl Wynn                           Not Reported

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
None Present                          None Present

**Proceedings (In Chambers):** ORDER TO SHOW CAUSE RE REQUEST FOR ENTRY OF DEFAULT [8]

On August 29, 2014, Plaintiffs Ron Kramer and ThermoLife International LLC commenced this action against Defendant John Romano for defamation, aiding and abetting defamation, conspiracy to defame, and portraying a person in a false light. (Docket No. 1). In the Complaint, Plaintiffs allege on information and belief that Defendant John Romano is currently a resident of Guadalajara, Mexico. (*Id.* ¶ 3).

On November 5, 2014, Plaintiffs filed a proof of service with the Court indicating that Defendant was personally served by a process server in Guadalajara, Mexico on October 28, 2014. (Docket No 6). Also filed with the proof of service was an acknowledgement by a Vice Consul of the United States of America at Guadalajara, Jalisco, Mexico, certifying that the process server identified in the proof of service came before the Vice Consul on November 3, 2014 and acknowledged that she executed the proof of service. (Docket No 6).

On March 10, 2015, Plaintiffs filed their Rule 55(a) Request for the Clerk to Enter Default Against John Romano (the "Request"). (Docket No. 8). With the Request itself, Plaintiffs included the Declaration of Eric B. Hull (the "Hull Declaration") (Docket No. 8-1), which provides additional statements regarding the personal service effected on Defendant, as well as Defendant's failure to comply with the deadline for his response to the Complaint. (Hull Decl. ¶¶ 2-5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 14-6790-MWF(MRWx) | Date:  May 22, 2015 |
| Title:      Kramer, et al. -*v*- Romano | |

On March 11, 2015, the Clerk issued a Notice of Deficiency stating that Plaintiff's Request had been forwarded to the assigned judge for consideration because the Clerk could not determine the sufficiency of service on a foreign corporation. (Docket No. 9).  The Request was then forwarded to this Court.

"Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."  10A Charles Alan Wright, Arthur R. Miller, *et al*., *Federal Practice & Procedure* § 2682 (3d ed. rev. 2015) (footnotes omitted).  The Court has reviewed the Request, and it is not convinced that the proof of service in this matter is adequate to prove effective service of the summons and complaint.

Federal Rule of Civil Procedure 4 provides, in relevant part, that "an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  "Because service of process was attempted abroad, the validity of that service is controlled by the Hague Convention, to the extent that the Convention applies."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)).  Mexico and the United States are both signatories to the Hague Convention.

As has previously been noted in the Central District:

> The primary method by which service is accomplished under the Hague Convention is by forwarding the summons and complaint to the "Central Authority" for the country in which service is to be made, along with a request for service.  *See* Hague Convention, Arts. 2, 3, and 5.  Once the Central Authority receives a request that complies with the Hague Convention, the Central Authority must itself serve the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-6790-MWF(MRWx)**               **Date:  May 22, 2015**
**Title:       Kramer, et al. -*v*- Romano**

documents or arrange to have them served by an appropriate agency. *See id.* at Art. 5. After service has been completed, the Central Authority must then "complete a Certificate in the form of the model annexed to the . . . Convention," detailing "the method, the place, and the date of service" or explaining why service did not occur, and thereafter forward the completed Certificate "directly to the applicant." *See id.* at Art. 6.

In addition to service through a country's Central Authority, Article 10 of the Hague Convention permits service of process by [certain] alternative methods. . . "[p]rovided the State of destination does not object." *See id.* at Art. 10.

*OGM, Inc. v. Televisa, S.A. de C.V. ("OGM")*, No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *2 (C.D. Cal. Apr. 15, 2009). The district court in *OGM* went on to conclude that "Mexico has in fact objected to service through the alternative methods specified in Article 10 of the Hague Convention, and that service through Mexico's Central Authority is the exclusive method by which" a plaintiff could serve a Mexican corporation in Mexico. *Id.* at *3.

Here, the Court applies this same conclusion to service of Defendant in Mexico. However, Plaintiffs' submitted materials make no mention of service through Mexico's Central Authority or compliance with any other applicable Hague Convention requirements.

Accordingly, the Court **ORDERS** Plaintiffs to show cause in writing by **June 1, 2015** that they have complied with the requirements of the Hague Convention or, in the alternative, why such requirements should not apply in this case in order for an entry of default to be proper.

**IT IS SO ORDERED.**